Johnson, O'. J. The first five pleas interposed' by the plaintiff in error present no new question for the adjudication of this court. Every point raised by those pleas has been heretofore decided- by this court, either directly of by necessary implication, in the eases of McFarland et al. vs. The State Bank, 4 Ark. R. 44, same vs. same, lb. 410. Webster et al. vs. same, lb. 423. Mahoney et al. vs. same, 621, and Underhill vs. same, 1 English's R. 135. We consider it clear from these authorities .that the circuit court decided correctly in sustaining the demurrer to each of the first five pleas of the- plaintiff in- error. The point presented by the sixth and last plea is still an open question, yet we do not conceive that it' involves the least difficulty. The plea avers that “the note-sued upon was executed and delivered to the Branch Bank of the State of Arkansas at Fayetteville, that the same has never been delivered to the Bank of the State of Arkansas, nor- has she any title thereto or interest therein, and that therefore said note is void,, and for want of any consideration moving between the said plaintiff and said defendants, the same being an escrow, and never yet delivered to said plaintiff.” The- language used in this plea is somewhat indefinite, but from the whole context,, we feel warranted in the inference that it was the intention of the party pleading to admit that the note ;was executed to-and in favor of the principal Bank of the State of Arkansas, but deposited with the Branch at Fayette-ville-to be delivered upon the performance of certain conditions. If this is the legitimate construction of the language of the plea, and that it is we think will scarcely admit of a doubt, the question arising upon it is not whether the Branch had the constitutional right to contract in its own corporate name, but whether it was authorized to discount the paper of the principal institution. The constitution confers upon the General Assembly the power to incorporate one State Bank with such amount of capital as may be deemed necessary, and sucli number of Branches as may be required for the public convenience. The act of incorporation expressly confers upon the Branches the power of discounting. We can see nothing in conflict with the provisions of the constitution in the power thus conferred. If we are right in our view of the law, it then follows that a delivery to the Branch Bank at Fayetteville was tantamount to a delivery to the principal institution itself,and that therefore the matter set up in the plea was n,o defence .to the action. Judgment affirmed.